UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA BATEY-KOLEGAS,  Plaintiff, | CIVIL ACTION 1:16-cv-09354 |
| v. | COMPLAINT |
| I.C. SYSTEM, INC.,  Defendant. | JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, LISA BATEY-KOLEGAS ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, I.C. SYSTEM, INC. ("I.C. System") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as I.C. System conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant states, "I.C. System is one of the largest debt collection agencies in the United States."[1]

10. I.C. System is a debt collection company with its principal place of business located at 444 HWY 96 East, St. Paul, Minnesota 55127. I.C. System is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois. I.C. System's Illinois registered agent is David Schultz located at 222 North LaSalle Street, #300, Chicago, Illinois 60601.

---

[1] http://www.icsystem.com/ (Last accessed on September 26, 2016.)

2

**FACTS SUPPORTING CAUSE OF ACTION**

11. Plaintiff's husband, Steve Kolegas ("Steve") contracted for cable television service with ATT U-Verse ("AT&T") in late 2014 or early 2015 before switching network providers in June 2016.

12. During the installation process, Plaintiff was asked to provide, and did provide, her cellular phone number as a secondary contact number on her husband's account.

13. In June 2016, AT&T began placing calls to Plaintiff demanding the return of equipment belonging to AT&T. The AT&T representative with whom Plaintiff spoke stated that AT&T would send return labels to facilitate the return of the equipment to AT&T. Plaintiff never received the pre-marked labels and the equipment was not returned to AT&T at that time.

14. In July 2016, I.C. System began placing unwanted collection calls to Plaintiff's cellular telephone ending in 4247. Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

15. Plaintiff received I.C. System's calls from the following telephone numbers:

      i. 605-496-0704

      ii. 202-870-5891

      iii. 208-515-7470

      iv. 603-414-1927

16. Upon information and belief, the above numbers are phone numbers utilized by I.C. System during its debt collection activities. I.C. System has contacted Plaintiff's cellular phone with the purpose of collecting on consumer debt.

17. In July 2016, Plaintiff answered a phone call from an I.C. System representative attempting to locate and collect a debt incurred with AT&T ("subject debt") from Steve. In response, Plaintiff informed the I.C. System representative that she is not Steve and further demanded that I.C. System stop placing calls to her cellular phone.

18. When this call from I.C. System connected, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1).

19. Plaintiff requested that I.C. System cease placing calls to her cellular phone on no less than 5 separate occasions.

20. Notwithstanding Plaintiff's requests that I.C. System's collection calls cease, I.C. System placed or caused to be placed no less than 15 harassing phone calls to Plaintiff's cellular phone between July 2016 through the present day.

21. Plaintiff's demands that I.C. System's phone calls cease fell on deaf ears and I.C. System continued its phone harassment campaign.

22. Upon information, belief, and in light of the frequency of the calls, I.C. System utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

23. The telephone number ending in 4247 that I.C. System called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

24. The calls I.C. System placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

25. Plaintiff never provided I.C. System with any personal information, including her cellular telephone number, for any purpose. Furthermore, I.C. System was never provided with prior

4

express consent to place calls via its ATDS to Plaintiff's cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

**DAMAGES**

26. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of I.C. System's unlawful collection practices.

27. I.C. System's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

28. I.C. System's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

29. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to cease I.C. System's collection tactics, incurring costs and expenses traveling to and from her attorney's office.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. I.C. System placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

33. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

34. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

35. Upon information and belief, the predictive dialing system employed by I.C. System transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

36. I.C. System violated the TCPA by placing no less than 15 calls between July 2016 through the present day to Plaintiff's cellular phone, using an ATDS without her prior express consent. Moreover, Plaintiff demanded that I.C. System cease calls to her cellular phone on no less than 5 separate occasions during the phone calls she answered.

37. As pled above, Plaintiff was severely harmed by I.C. System's collection calls to her cellular phone.

38. Upon information and belief, I.C. System has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

39. Upon information and belief, I.C. System knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

40. I.C. System, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. Pursuant to 47 U.S.C. §227(b)(3)(B), I.C. System is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), I.C. System's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a. Declare I.C. System's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

44. I.C. System qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

45. I.C. System qualifies as a "debt collector" because it acquired the subject debt from AT&T while it was in default. 15 U.S.C. §1692a(6).

46. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

47. I.C. System violated 15 U.S.C. §§1692b(3), d, d(5), and f as follows:

    **a. Violation of FDCPA §1692b(3)**

48. I.C. System violated §1692b(3) by contacting Plaintiff on numerous occasions after receiving specific instruction from Plaintiff to cease all further communications to her cellular phone.

    **b. Violation of FDCPA §1692d**

49. I.C. System violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment of the subject debt. Moreover, I.C. System continued placing the relentless calls after Plaintiff demanded that the calls cease on 5 separate occasions.

50. I.C. System violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and attempting to engage her in conversations regarding the collection of the subject debt.

    **c. Violation of FDCPA §1692f**

51. I.C. System violated §1692f by engaging in unfair and unconscionable means in its attempts to collect the subject debt from Plaintiff.

52. Upon information and belief, I.C. System systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

    d.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

53. Plaintiff restates and reallages paragraphs 1 through 29 as through fully set forth herein.

54. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

55. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

56. I.C. System is engaged in commerce in the State of Illinois with regard to Plaintiff. I.C. System specializes debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

57. I.C. System violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject debt from Plaintiff.

    **a. Unfairness**

58. It was unfair for I.C. System to seek to collect from Plaintiff a debt she did not incur and a debt she did not owe through relentless harassing phone calls to her cellular phone attempting to induce her into making a payment.

59. It was unfair for I.C. System to place or cause to be placed no less than 15 phone calls to Plaintiff's cellular phone between July 2016 through the present day, without her consent.

9

60. It was unfair for I.C. System to continue placing calls to Plaintiff after she advised I.C. System that she was not Steve and further demanded that the calls cease on no less than 5 separate occasions.

61. I.C. System's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

62. Moreover, I.C. System's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

63. Upon information and belief, I.C. System systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

64. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by I.C. System and is done on a large scale.

65. Moreover I.C. System's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

66. As alleged above, Plaintiff was substantially harmed by I.C. System's misconduct.

67. An award of punitive damages is appropriate because I.C. System's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the innumerable phone calls.

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against I.C. System;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**


Dated: September 29, 2016                                         Respectfully Submitted,

                                                                  /s/ Omar T. Sulaiman
                                                                  Omar T. Sulaiman, ARDC#6322837
                                                                  *Counsel for Plaintiff*
                                                                  Sulaiman Law Group, LTD
                                                                  900 Jorie Blvd, Ste 150
                                                                  Oak Brook, IL 60523
                                                                  Phone (630)575-8181
                                                                  Fax: (630)575-8188